UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

JOHNNY DAR EAGLE,

        Plaintiff,                    Case No. 1:08-cv-200

v.                                            Honorable Robert Holmes Bell

MICHIGAN DEPARTMENT OF
CORRECTIONS REGIONAL HEALTH
CARE ADMINISTRATOR,

        Defendant.
_____/

**REPORT AND RECOMMENDATION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*, and Plaintiff has been ordered to pay the initial partial filing fee when funds become available. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, I recommend that Plaintiff's complaint be dismissed for failure to state a claim.

**Discussion**

     I.        Factual allegations

Plaintiff Johnny Dar Eagle presently is incarcerated with the Michigan Department of Corrections (MDOC) and housed at the Saginaw Correctional Facility (SRF), though the actions he principally complains of occurred while he was housed at the Gus Harrison Correctional Facility (ARF). Plaintiff sues the MDOC Regional Health Care Administrator.

The allegations contained in the complaint are very limited. Plaintiff complains that, on December 28, 2006, ARF staff confiscated his MDOC-issued eyeglasses. According to Plaintiff, the glasses required repair. Instead of repairing them, however, unidentified MDOC staff disposed of them. The remainder of the allegations involve Plaintiff's dissatisfaction with the resolution of his grievances, stating, "Instead of buying me a new pair they keep bring[ing] up old already solved grievances to make a clear solution muddy. The only way I can see to correctly solve this problem is with a mediator." (Compl. at 4, docket #1.)

In his attachments, Plaintiff includes a chronology of events involving the MDOC's handling of his eyeglasses. (Compl., Att. A, Docket #1-2, at 5.) Plaintiff was given his first prison eye examination in July 2005. He received his first MDOC-issued bifocals in frame 3046 in late September 2005. Shortly after receiving the glasses, Plaintiff returned them, as the reading correction was blurry. Sometime in October 2005, probably during a mass movement of Level 4 prisoners from the Thumb Correctional Facility (TCF), the glasses were lost. Plaintiff filed grievances and, on August 30, 2006, he received replacement glasses in the same frame. On December 28, 2006, ARF personnel confiscated his glasses, along with other items, as contraband, because the glasses had been altered by Plaintiff in an attempt to repair them. Plaintiff was issued

a misconduct for possessing contraband, but the glasses were supposed to be sent for repair. Those glasses apparently were lost or disposed of. In July 2007, Petitioner was given a second eye examination and was issued a new prescription. On August 30, 2007, Plaintiff received a new pair of glasses. He complains, however, that the new glasses were not in Frame 3046, but instead had "a goofie looking plastic frame."

For relief, Plaintiff seeks $50,000, to be placed in an account in his name so that he can purchase eyeglasses outside the purview of MDOC Policy Directive 04.06.165.

II. Failure to state a claim

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

**A. Vicarious Liability**

In his complaint, Plaintiff sues only one Defendant, the unnamed Regional Health Care Administrator for the MDOC. A plaintiff bringing an action pursuant to § 1983 cannot premise liability upon a theory of respondeat superior or vicarious liability. *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 818 (quoting *Monell v. Dep't of Soc. Serv.*, 436 U.S. 658 (1978)). Plaintiff must establish

that the Regional Health Care Administrtor was personally involved, or that he otherwise encouraged or condoned the action of the offending employees. *Copeland v. Machulis*, 57 F.3d 476, 481 (6th Cir. 1995) (citing *Rizzo v. Goode*, 423 U.S. 362, 375-76 (1976) and *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984)). There must be more than merely a right to control employees, as plaintiff must show that the unnamed administrator at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending employees. *Walton v. City of Southfield*, 995 F.2d 1331, 1340 (6th Cir. 1993); *Leach v. Shelby County Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989). Plaintiff fails to allege any facts that show Defendant encouraged or condoned the conduct of the officers in losing or destroying the glasses, or that Defendant authorized, approved or knowingly acquiesced in the conduct. Because plaintiff's § 1983 action is premised on nothing more than respondeat superior liability, his action fails to state a claim against Defendant. *Copeland*, 57 F.3d at 481.

### B.     Eighth Amendment

Even had Plaintiff properly identified Defendant as the party affirmatively responsible for the loss of his glasses, Plaintiff nevertheless fails to state a claim. Although Plaintiff does not identify the source of the rights of which he was deprived, his complaint arguably can be construed as a claim that he was denied necessary medical treatment in the form of vision correction in violation of the Eighth Amendment.

The Eighth Amendment prohibits the infliction of cruel and unusual punishment against those convicted of crimes. U.S. Const. amend. VIII. Punishment may not be "barbarous" nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981). The Amendment, therefore, prohibits conduct by prison officials that involves the

"unnecessary and wanton infliction of pain." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes*, 452 U.S. at 346). The deprivation alleged must result in the denial of the "minimal civilized measure of life's necessities." *Rhodes*, 452 U.S. at 347; *see also Wilson v. Yaklich*, 148 F.3d 596, 600-601 (6th Cir. 1998). The Eighth Amendment is only concerned with "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement." *Rhodes*, 452 U.S. at 348 (citation omitted).

The Eighth Amendment obligates prison authorities to provide medical care to incarcerated individuals, as a failure to provide such care would be inconsistent with contemporary standards of decency. *Estelle v. Gamble*, 429 U.S. 102, 103-04 (1976). The Amendment is violated when a prison official is deliberately indifferent to the serious medical needs of a prisoner. *Id.* at 104-05; *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001).

A claim for the deprivation of adequate medical care has an objective and a subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To satisfy the objective component, the plaintiff must allege that the medical need at issue is sufficiently serious. *Id.* In other words, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm. *Id.* The objective component of the adequate medical care test is satisfied "[w]here the seriousness of a prisoner's need[ ] for medical care is obvious even to a lay person." *Blackmore v. Kalamazoo County*, 390 F.3d 890, 899 (6th Cir. 2004). If, however the need involves "minor maladies or non-obvious complaints of a serious need for medical care," *Blackmore*, 390 F.3d at 898, the inmate must "place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment." *Napier v. Madison County, Ky.*, 238 F.3d 739, 742 (6th Cir. 2001).

The subjective component requires an inmate to show that prison officials have "a sufficiently culpable state of mind in denying medical care." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000) (citing *Farmer*, 511 U.S. at 834). Deliberate indifference "entails something more than mere negligence," *Farmer,* 511 U.S. at 835, but can be "satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Id.* Under *Farmer*, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

Not every claim by a prisoner that he has received inadequate medical treatment states a violation of the Eighth Amendment. *Estelle*, 429 U.S. at 105. As the Supreme Court explained:

> [A]n inadvertent failure to provide adequate medical care cannot be said to constitute an unnecessary and wanton infliction of pain or to be repugnant to the conscience of mankind. Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.

*Estelle*, 429 U.S. at 105-06 (quotations omitted).

Here, Plaintiff acknowledges that he was prescribed and provided bifocal corrective lenses. His vision needs, therefore, were not entirely ignored. As a result, Plaintiff's allegations amount to little more than a claim that his prescribed glasses were lost or disposed of when they were taken to be repaired. Plaintiff acknowledges that, at the time his glasses were confiscated, they were broken. It is not clear that a delay in the return or replacement of eyeglasses with bifocal lenses constitutes the neglect of a sufficiently serious medical need that would violate the objective prong of the Eighth Amendment standard. *See, e.g., Kalwasinski v. Morse*, 201 F.3d 103 (2d Cir. 1999)

(implicitly affirming dismissal of Eighth Amendment claim based on delay in return of eyeglasses submitted for repair).

Moreover, Plaintiff has not alleged a subjective intent to violate his rights. He does not dispute that, at the time of his hearing, his glasses were confiscated because he had violated MDOC policy by attempting to repair them and to keep them in an altered condition. He acknowledges that the glasses were to be sent out for repair. As a result, Plaintiff does not contend that the glasses were taken by Defendant to deprive him of his medically necessary equipment. Instead, he complains solely that the replacement of the glasses took months and that, when they were replaced, they were set in "goofie looking frames." Such allegations fall far short of alleging a violation of constitutional magnitude on both the objective and subjective prongs of the analysis.

### C. Due Process

Plaintiff's allegations arguably could be construed as a claim that his glasses were taken in violation of his right to due process under the Fourth and Fourteenth Amendments. According to the attachments to the complaint, Plaintiff received a misconduct hearing during which the confiscation was addressed. The hearing officer found – and Plaintiff does not deny – that the glasses were broken but could be repaired. (Compl., Att. A, docket #1-2, at 2.) From his own notations on the misconduct form, Plaintiff makes clear that the gravamen of his claim is that, because "the MDOC dispose[d] of [the glasses] by mistake," they should be responsible for their replacement under MDOC Policy Directive 04.06.165(N). (*Id.*)

Petitioner's claims are without merit. Claims under § 1983 may not be based upon alleged violations of state law, nor may federal courts order state officials to comply with their own law. *See Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 106 (1984). Plaintiff does

not enjoy any federally protected liberty or property interest in state procedure. *See Olim v. Wakinekona*, 461 U.S. 238, 250 (1983); *Sweeton v. Brown*, 27 F.3d 1162, 1164 (6th Cir. 1994). Plaintiff's claim regarding the requirements of MDOC Policy Directive 04.06.165(N), therefore, is not cognizable in a § 1983 action.

With respect to the constitutional component of Plaintiff's claim, it is clear that when a person stands to be deprived of his life, liberty or property, he is entitled to due process of law. U.S. CONST., AMEND. V, XIV. This due process of law gives the person notice and an opportunity to be heard before he is deprived of any significant property interest. *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 542 (1985) (citing *Mullane v. Central Hanover Bank & Trust*, 339 U.S. 306, 313 (1950)). The Due Process clause does not guarantee that the procedure will produce a correct decision. "It must be remembered that even if a state decision does deprive an individual of life, [liberty], or property, and even if that decision is erroneous, it does not necessarily follow that the decision violated that individual's right to due process." *Martinez v. California*, 444 U.S. 277, 284, n. 9 (1980). "[T]he deprivation by state action of a constitutionally protected interest in "life, liberty or property" is not in itself unconstitutional; what is unconstitutional is the deprivation of such an interest *without due process of law*." *Zinermon v. Burch*, 494 U.S. 113, 125 (1990) (emphasis in original).

Under the doctrine of *Parratt v. Taylor*, 451 U.S. 527 (1981), *overruled in part by Daniels v. Williams*, 474 U.S. 327 (1986), a person deprived of property by a "random and unauthorized act" of a state employee has no federal due process claim unless the state fails to afford an adequate post-deprivation remedy. If an adequate post-deprivation remedy exists, the deprivation, although real, is not "without due process of law." *Parratt*, 451 U.S. at 537. This rule applies to

both negligent and intentional deprivations of property, as long as the deprivation was not done pursuant to an established state procedure. *See Hudson v. Palmer*, 468 U.S. 517, 530-36 (1984). Because Plaintiff's claim is premised upon allegedly unauthorized negligent acts of a state official, he must plead and prove the inadequacy of state post-deprivation remedies. *See Copeland v. Machulis*, 57 F.3d 476, 479-480 (6th Cir. 1995); *Gibbs v. Hopkins*, 10 F.3d 373, 378 (6th Cir. 1993). Under settled Sixth Circuit authority, a prisoner's failure to sustain this burden requires dismissal of his § 1983 due-process claim. *See Brooks v. Dutton*, 751 F.2d 197 (6th Cir. 1985).

Plaintiff has not sustained his burden in this case. First, it is clear that, to the extent Plaintiff complains about the initial confiscation of his glasses, he received or had available adequate process of law. According to the attachments to the complaint, Plaintiff received a misconduct hearing during which the confiscation was addressed. (Compl., Att. A, docket #1-2, at 2.) He therefore fails to allege the denial of due process with respect to the initial taking of the glasses.

With respect to the eventual loss or destruction of the glasses, Plaintiff has not alleged that state post-deprivation remedies are inadequate. Moreover, numerous state post-deprivation remedies are available to him. First, a prisoner who incurs a loss through no fault of his own may petition the institution's Prisoner Benefit Fund for compensation. MICH. DEP'T OF CORR., Policy Directive 04.07.112 ¶ II(B) (effective Sept. 24, 1998). Aggrieved prisoners may also submit claims for property loss of less than $1,000 to the State Administrative Board. MICH. COMP. LAWS § 600.6419; Policy Directive, 04.07.112 ¶ II(B). Alternatively, Michigan law authorizes actions in the Court of Claims asserting tort or contract claims "against the state and any of its departments, commissions, boards, institutions, arms, or agencies." MICH. COMP. LAWS § 600.6419(1)(a); *see Green v. State Corr. Dep't*, 192 N.W.2d 491 (Mich. 1971) (state liable for tortuous injury sustained

by a sentenced convict at the Detroit House of Correction). The Sixth Circuit has specifically held that Michigan provides adequate post-deprivation remedies for deprivation of property. *See Copeland*, 57 F.3d at 480. Plaintiff does not allege any reason why a state-court action would not afford him complete relief for the deprivation, either negligent or intentional, of his personal property. He therefore fails to allege a violation of procedural due process.

### Recommended Disposition

Having conducted the review now required by the Prison Litigation Reform Act, I recommend that Plaintiff's complaint be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). Should this report and recommendation be adopted, the dismissal of this action will count as a strike for purposes of 28 U.S.C. § 1915(g).

I further recommend that the Court find no good-faith basis for appeal within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).


Dated:   April 2, 2008              /s/  Joseph G. Scoville
                                    United States Magistrate Judge


### NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).